UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GIOVANNI RUBENS,

    Plaintiff,

v.                               Case No.:  6:21-cv-0407-GAP-DCI

L3HARRIS TECHNOLOGIES,
INC.,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Giovanni Rubens, pursuant to Rule 15(a)(1) and with Defendant's consent, files this Amended Complaint against Defendant, L-3Harris Technologies, Inc., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. §760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendant jurisdiction over the state law claims.

3. Venue is proper in this district, because Defendant operates its business in Orlando which is in this district.

### PARTIES

4. Plaintiff is a resident of Seminole County, Florida.

5. Defendant operates a laser manufacturing and design business in Orlando, in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and the FCRA.

## FACTS

11. Plaintiff began working for Defendant on October 22, 2018. At the time of his termination on December 1, 2020, Plaintiff held the title of Specialist Mechanical Engineer.

12. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

13. Specifically, Plaintiff suffers from a serious herniated disc.

14. Plaintiff continues to suffer from the aforementioned physical or mental condition.

15. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

16. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA and the FCRA.

17. Previously, Plaintiff's manager, Larry Blenke ("Blenke"), singled Plaintiff out of a group of employees that regularly walked around the building during breaks. Only Plaintiff was required to bring a physician's note for these walking breaks, which Plaintiff supplied.

18. Plaintiff complained about being singled out for a physician's note. Specifically, Plaintiff informed Defendant that, "I have a herniated disc in my lower back. I usually walk 2-3 times a day for 5-10 minutes per walk for ergonomics. Sometimes I have to walk a 4th time around the building when my back is feeling worse than normal. Mrs. Horsfield [Human Resources] explained that I need a doctor's note to be eligible for ergonomic walks. A lot of employees take multiple smoking breaks outside, and other engineering staff members also take these walks with me. Mrs. Horsfield said the time that I use for ergonomic walks is wasted because that time could have been used for working."

19. Plaintiff requested an accommodation from Defendant for his condition. Specifically, Plaintiff requested to be able to walk for five minutes every two hours.

20. Defendant purportedly approved the accommodation, but Blenke did not like having to accommodate Plaintiff and began to retaliate against him.

21. By way of example and not limitation, Blenke excluded Plaintiff from team functions.

22. In March 2020, Blenke falsely accused Plaintiff of spending a third of his day walking.

23. Also in March 2020, Blenke gave Plaintiff poor marks on his performance evaluation because Plaintiff allegedly did not finish a project that was assigned to him the day before the performance evaluation was conducted even though that project's due date had not yet arrived.

24. Blenke then changed the "core" hours and required Plaintiff to stay beyond those hours to attend conference calls for which most of the team members were permitted to attend from home – except Plaintiff.

25. Blenke also required Plaintiff to come back on site even though Plaintiff had an approved sick day, just so Plaintiff could perform a laser test that he was not qualified to perform.

26. In September 2020, Blenke put Plaintiff on a Performance Improvement Plan (PIP) for reasons that were not even violations of Defendant's policies.

27. During the Blenke's harassment of Plaintiff for having requested a reasonable accommodation, Plaintiff complained to Defendant's Human Resources on at least twenty-one occasions.

28. On or about October 11, 2020, Plaintiff submitted a complaint of Blenke to Defendant's Human Resources, stating in part, "My direct supervisor, Larry Blenke, has a track record of retaliating, creating a hostile work environment with unfair practices, and is currently attempting to terminate me for repor1ng his misconduct to L3Harris Corporate." Plaintiff's complaint went on to describe how the events all revert back to his original complaint of Blenke. Plaintiff stated, "Retaliation from Mr. Blenke came in multiple forms after my report to L3Harris Corporate in 2019. Mr. Blenke created a hostile work environment where I fear for losing my position with the company on a daily basis, conducted unfair practices by consistently targeting me, falsified performance reviews to impact my merit increases and prevent me from transferring to another division, falsified statements during meetings regarding me, and put me on multiple disciplinary actions; all of which created a work environment where it is impossible for me to succeed."

29. Also on or about October 11, 2020, Plaintiff wrote to Defendant's Human Resources and inquired, "Does the L3Harris 2020 Code of Conduct allow the management team to retaliate against an employee who has been reporting management misconduct?"

30. On or about October 24, 2020, after a 15-Day meeting regarding the PIP, Plaintiff submitted a complaint to Defendant stating that his manager had "blatant lack of respect for [Plaintiff's] health and safety" and that the conditions have become a "hostile work environment."

31. On or about November 14, 2020, Plaintiff complained again to Defendant, stating in part, "Unfortunately, the hostile environment is getting to extreme levels."

32. Defendant failed to take any remedial action as to Plaintiff's multiple complaints.

33. On or about December 1, 2020, Defendant terminated Plaintiff's employment.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

34. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

35. Plaintiff is a member of a protected class under the ADA.

36. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

37. Specifically, Defendant harassed Plaintiff for having a need for a reasonable accommodation, and subsequently terminated Plaintiff's employment even though a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

38. Defendant's actions were willful and done with malice.

39. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     That this Court enter an injunction restraining continued violation of the ADA;

    d)     Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    e)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    f)     Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    g)     Any other compensatory damages, including emotional distress, allowable at law;

    h)     Punitive damages;

    i)     Prejudgment interest on all monetary recovery obtained.

    j)     All costs and attorney's fees incurred in prosecuting these claims; and

      k)      For such further relief as this Court deems just and equitable.

## **COUNT II – ADA RETALIATION**

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

33. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34. Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation.

35. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by harassing Plaintiff for needing an accommodation and ultimately terminated Plaintiff's employment.

36. Defendant's actions were willful and done with malice.

37. The adverse employment action that Defendant took against Plaintiff was material.

38. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

      a)      A jury trial on all issues so triable;

      b)      That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

40. Plaintiff is a member of a protected class under the FCRA.

41. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

42. Specifically, Defendant harassed Plaintiff for having a need for a reasonable accommodation, and subsequently terminated Plaintiff's employment even though a reasonable accommodation that would have permitted him to perform all of the essential functions of his job with Defendant.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     That this Court enter an injunction restraining continued violation of the FCRA;

  d)  Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

  e)  Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

  f)  Reinstatement of Plaintiff's full fringe benefits and seniority rights;

  g)  Any other compensatory damages, including emotional distress, allowable at law;

  h)  Punitive damages;

  i)  Prejudgment interest on all monetary recovery obtained.

  j)  All costs and attorney's fees incurred in prosecuting these claims; and

  k)  For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

45. Plaintiff realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

46. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the FCRA.

47. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation.

48. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by harassing Plaintiff for needing an accommodation and ultimately terminating Plaintiff's employment.

49. Defendant's actions were willful and done with malice.

50. The adverse employment action that Defendant took against Plaintiff was material.

51. Plaintiff was injured due to Defendant's violations of the FCRA, for which he is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the FCRA;

    d) That this Court enter an injunction restraining continued violation of the FCRA;

    e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    g)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    h)    Any other compensatory damages, including emotional distress, allowable at law;

    i)    Punitive damages;

    j)    Prejudgment interest on all monetary recovery obtained.

    k)    All costs and attorney's fees incurred in prosecuting these claims; and

    l)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18th day of June, 2021.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar No.37061
**LUIS A. CABASSA**
Florida Bar No.: 0053643
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: (813) 337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: aketelson@wfclaw.com
Email: gnichols@wfclaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 18thday of June, 2021, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will send a copy to all counsel of record.

*/s/ Brandon J. Hill*
**BRANDON J. HILL**